IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: EMPLOYMENT DISCRIMINATION LITIGATION AGAINST THE STATE OF ALABAMA, et al.: | ) ) ) ) |
| EUGENE CRUM, JR., et al., | ) ) |
| Plaintiffs, | ) 2:07-cv-447-MHT ) |
| v. | ) CIVIL ACTION NO.: ) CV-94-T-356-N |
| STATE OF ALABAMA, et al., | ) ) |
| Defendants. | ) ) ) |
| CRIST A. WATTS, | ) ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) ) |
| STATE OF ALABAMA, GOVERNOR DON SIEGELMAN, STATE OF ALABAMA PERSONNEL DEPARTMENT, STATE OF ALABAMA DEPARTMENT OF SECURITIES COMMISSION, JOSEPH P. BORG, DIRECTOR, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT-IN-INTERVENTION**

I.  **JURISDICTION:**

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201 and 2202, 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983.

    This is a suit authorized and instituted pursuant to Title VII of the Act of Congress

known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991," 42 U.S.C. §1981, and 42 U.S.C. §1983. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000e et seq., 42 U.S.C. §§1981 and 1983, and the "Civil Rights Act of 1991" providing for injunctive and other relief against race discrimination.

2. The Plaintiff-intervenor has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e, et. seq., the "Civil Rights Act of 1991," 42 U.S.C. §1981, and 42 U.S.C. §1983. Plaintiff-intervenor filed his charge of race discrimination with the EEOC within 180 days of the occurrence of the last discriminatory act and timely filed his race discrimination claims within 90 days of the receipt of his right-to-sue letter from the EEOC. In addition, he is relying on his own EEOC charge and those of the other plaintiffs and plaintiff-intervenors.

## II. PARTIES:

3. Plaintiff-Intervenor, Crist A. Watts, is a black citizen of the United States and a resident of the State of Alabama.

4. The plaintiff-intervenor brings this action on his own behalf and on behalf of all other black persons similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class which the plaintiff-intervenor seeks to represent is composed of black persons who are employed, have been employed, or who may in the future be employed by the defendants. There are common questions of law and fact affecting the rights of the members of the class who are, and continue to be limited, classified and discriminated against in ways which deprive or tend to deprive

them of equal terms, conditions, or privileges of employment. These persons are so numerous that joinder of all members is impractical. A common relief is sought. The interests of said class are adequately represented by the plaintiff-intervenors. Defendants have acted or refused to act on grounds generally applicable to the class.

5. Defendant, State of Alabama, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

6. Defendant, State of Alabama Personnel Department, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

7. Defendant, Don Siegelman, as the Governor of the State Alabama, is named in his official capacity and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983.

8. Defendant, Alabama Securities Commission, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

9. Defendant, Joseph P. Borg, as Director of the Department of Conservation and Natural Resources, is named in his official capacity and as such is subject to suit

under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983.

## III. CAUSES OF ACTION:

10. The plaintiff-intervenor and the class he seeks to represent re-alleges and incorporates by reference paragraphs 1-8 above with the same force and effect as if fully set out in specific detail hereinbelow.

11. The defendants have discriminated against the plaintiff-intervenor and the class he seeks to represent on the basis of race in hiring, rehiring, compensation, job duty, assignments, recruitment, selection procedures, denial of promotions, discipline, training and experience, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervenor and the plaintiff class.

12. Plaintiff-Intervenor, Crist A. Watts, is employed by the State of Alabama and its agency, Alabama Department of Finance. Throughout his employment, Mr. Watts has continuously sought promotions to the position of Securities Analyst, State Personnel Analyst I, Employee Assistance Program Coordinator, Computer Operator Supervisor I, Planning and Economic Development Specialist I and II, Computer Operator Supervisor II, Data Processing Specialist I, and State Purchasing Director. Watts has applied for these position and, after being deemed qualified, was placed on the register. Watts has not received any of the positions. The qualifications and experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs.

experience required by the State Personnel Department and the State agencies are not necessary for these and other jobs.

13. Throughout his employment, Watts also been discriminated against in regards to job assignments, training, and experience, and other terms, conditions and privileges. Such discriminatory denial of job assignments, training, and experience results in lower scores and rankings on applications for promotions.

14. In March of 1997, Watts was certified out for the Securities Analyst position; however, he was not interviewed or hired for the position. In January of 1999, Watts had to reapply for the Securities Analyst position, if he wished to remain on the register. Watts reapplied and in April of 1999 and was informed that he was again certified out for the Securities Analyst position of which there were two vacancies. Plaintiff was as qualified, if not more qualified, than the individuals selected. Watts alleges that he has been discriminated against on the basis of race in regard to this position and the other positions which he has sought but not received.

15. This systemic discrimination further adversely affects plaintiff's status as an employee and other black employees by promoting and reinforcing racial stereotypes and bias in hiring, promotions, training, transfers, job assignments, job classifications, discipline, demotions, job assignments, evaluations, supervision, training, compensation, benefits and other terms, conditions and privileges of his employment.

16. The plaintiff-intervenor and the class he seeks to represent are seeking to redress the wrongs alleged herein and this suit for equitable relief, including back-pay, injunctive relief and a declaratory judgment are his only means of securing adequate relief. The

plaintiff-intervenor and the class he seeks to represent are now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

IV. **PRAYER FOR RELIEF:**

**WHEREFORE,** the plaintiff-intervenor and the class he seeks to represent respectfully pray that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violative of the rights of the plaintiff-intervenor and the plaintiff class as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," 42 U.S.C. §§1981 and 1983.

2. Grant the plaintiff-intervenor and the plaintiff class a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," 42 U.S.C. §1981, and 42 U.S.C. §1983.

3. Enter an Order requiring the defendant to make the plaintiff-intervenor and the plaintiff class whole by awarding them the position(s) they would have occupied in the absence of race discrimination, back-pay (plus interest), declaratory and injunctive relief, lost seniority, lost benefits and lost pension benefits.

4. Grant the plaintiff-intervenor and the plaintiff class such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*
Rocco Calamusa, Jr.
Counsel for the Named Plaintiffs,
Plaintiff-Intervenors, and Putative Class

OF COUNSEL:

GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
1400 SouthTrust Tower
Birmingham, AL 35203
(205) 328-0640

**Defendants' Addresses**

State of Alabama
c/o Office of Attorney General
Room 303, 11 South Union Street
Montgomery, AL 36130

Governor Don Siegelman
c/o Office of Attorney General
Room 303, 11 South Union Street
Montgomery, AL 36130

State Personnel Department
Third Floor, Suite 327-A
64 North Union Street
Montgomery, AL 36103

State of Alabama
Securities Commission
770 Washington Avenue, Suite 570
Montomgery, Alabama 36130-4700